UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

ANDREW JONES,                          :
                    Petitioner,        :
                                       :
          v.                           :          No. 2:19-cv-1685
                                       :
THE DISTRICT ATTORNEY OF THE           :
COUNTY OF PHILADELPHIA and THE         :
ATTORNEY GENERAL OF THE STATE OF       :
PENNSYLVANIA,                          :
                    Respondents.       :

_____

**O P I N I O N**

**Report and Recommendation, ECF No. 22—APPROVED and ADOPTED**
**Habeas Corpus Petition, ECF No. 2—DENIED and DISMISSED**

**Joseph F. Leeson, Jr.**                              **September 21, 2020**
**United States District Judge**

**I.      INTRODUCTION**

In this habeas corpus proceeding, Petitioner Andrew Jones challenges the

constitutionality of his 2011 conviction for first-degree murder and possessing an instrument of a

crime and his resulting sentence of life imprisonment.  Jones's conviction and sentence stem

from the 2009 murder of an individual outside of a bar in Philadelphia.  After his conviction was

upheld on direct appeal, Jones unsuccessfully moved for collateral relief under Pennsylvania's

Post-Conviction Relief Act, 42 Pa. Cons. Stat. §§ 9541-9546 ("PCRA") before filing the

instant habeas petition pursuant to 28 U.S.C. § 2254.

Jones's habeas petition, which asserts a single claim for relief based on ineffective

assistance of trial counsel, was referred to Magistrate Judge Lynne A. Sitarski for a Report and

Recommendation ("R&R") as to whether it should be granted.  Judge Sitarski's R&R concludes

that Jones is not entitled to habeas relief, and recommends that his petition be denied and that no evidentiary hearing be held or certificate of appealability issued.  Jones subsequently filed *pro se* objections in which he purports to assert five objections to the R&R's findings and recommendations.

After a review of Jones's habeas petition, the R&R, and the objections, and for the reasons set forth below, this Court overrules the objections, adopts the R&R, and denies and dismisses the habeas petition without holding an evidentiary hearing or issuing a certificate of appealability.

## II.    RELEVANT BACKGROUND[1]

### A.    Jones's conviction, sentence, and pre-habeas challenges

The facts underlying Jones's conviction were summarized by the Pennsylvania Superior Court in its denial of his appeal for PCRA relief.  The Superior Court recounted the following:

> On August 31, 2009, [Jones] shot and killed Bruce Lassiter outside a bar located at Bridge and Johnson Streets in Philadelphia. Two eye witnesses—Ashley Crump, who had known [Jones] from the neighborhood for years, and Rodney Johnson—identified [Jones] at the scene of the crime as the person who shot Lassiter.
>
> The Commonwealth charged [Jones] with First-Degree Murder, Firearms Not to be Carried Without a License, Carrying Firearms in Public in Philadelphia, Possession of an Instrument of Crime ("PIC"), and Prohibited Offensive Weapons.
>
> At [Jones's] jury trial, Johnson and Crump testified. In addition, Police Officer Brian Stark of the Crime Scene Unit testified that when he processed the crime scene he recovered several items, including a bicycle; two spent shotgun shells; and a shotgun slug. Notably, the police did not recover a shotgun at the scene. The Commonwealth did not offer any shotgun, or other weapon, as evidence at trial. Ballistician Kenneth Lay testified that the two fired shotgun shells recovered from the scene came from the same weapon—a 12 gauge shotgun. The shotgun shells had insufficient microscopic markings to permit identification.

---

[1]     The Court writes for the parties and assumes their familiarity with the procedural history of this case.  As such, only a basic summary is given here.  However, there does not appear to be any dispute as to the case's procedural history.  Similarly, the Court assumes the parties' familiarity with the factual background of the case and does not summarize it here.

> Counsel stipulated that police submitted a DNA swab taken from the bicycle and the shotgun shells found at the scene to the DNA laboratory resulting in a finding of insufficient information to make any definitive conclusions.

*Commonwealth v. Jones*, No. 1527 EDA 2017, 2018 WL 5276316, at *1 (Pa. Super. Ct. Oct. 24, 2018) (footnotes omitted).

On November 23, 2011, after a jury trial, Jones was convicted of murder in the first degree and possessing an instrument of a crime. *See Commonwealth v. Jones*, CP-51-CR-0002562-2009, at 4;[2] *Jones*, 2018 WL 5276316, at *1. On the same day, Jones was sentenced to life imprisonment on the first-degree murder conviction, as well as a concurrent term of 2½ to 5 years' incarceration for his conviction on the charge of possessing an instrument of a crime. *See Jones*, CP-51-CR-0002562-2009, at 4; *Jones*, 2018 WL 5276316, at *1

Jones filed a timely post-trial motion, which the trial court denied on January 5, 2012. *See Jones*, CP-51-CR-0002562-2009, at 8. On January 25, 2012, Jones filed a direct appeal of his convictions, *see id.*, which, on December 20, 2012, the Superior Court affirmed, *see id.* at 9; *Jones*, 2018 WL 5276316, at *1. On June 7, 2013, the Pennsylvania Supreme Court denied Jones's petition for allowance of appeal. *See Jones*, CP-51-CR-0002562-2009, at 9; *Jones*, 2018 WL 5276316, at *1.

On April 15, 2014, Jones filed a timely petition for relief under the PCRA. *See Jones*, CP-51-CR-0002562-2009, at 9; *Jones*, 2018 WL 5276316, at *1. PCRA counsel was subsequently appointed and filed an amended PCRA petition, contending that Jones's trial counsel was ineffective for failing to present DNA evidence from a shotgun recovered at 5221 Glenloch Street, near the scene of the crime. *See Jones*, CP-51-CR-0002562-2009, at 9-10;

---

[2]     This citation refers to the state court docket sheet.

*Jones*, 2018 WL 5276316, at *2.  On June 23, 2016, Jones filed a supplemental amended PCRA petition, claiming his trial counsel was ineffective for failing to cross-examine firearms expert witness Kenneth Lay regarding his opinion about whether the shotgun recovered by police at 5221 Glenloch Street was the one used in the crime, and the fact that the DNA examination of the shotgun showed that Jones's DNA was not on it.  *Jones*, 2018 WL 5276316, at *2.  In the alternative, his supplemental amended petition averred that his counsel was ineffective for failing to call Lay as a defense witness.  *Id.*  On April 5, 2017, the PCRA court issued a Rule of Criminal Procedure 907 Notice of Intent to Dismiss Jones's PCRA petition without a hearing; Jones did not file a response to the PCRA court's Rule 907 Notice, and his PCRA petition was dismissed on May 3, 2017.  *See id.*; *Jones*, CP-51-CR-0002562-2009, at 11.

Jones timely appealed the dismissal of his PCRA petition to the Superior Court, raising the following issue:  "Did the [PCRA] court err in denying [Jones] an evidentiary hearing when [Jones] raised a material issue of fact that trial defense counsel was ineffective in failing to introduce physical and DNA evidence proving [Jones's] innocence of the crimes?"  *Jones*, 2018 WL 5276316, at *3; *see Jones*, CP-51-CR-0002562-2009, at 11.  On October 24, 2018, the Superior Court affirmed the dismissal of Jones's PCRA petition, stating as follows:

> [Jones] claims his trial counsel was ineffective for failing to introduce evidence at trial that the shotgun recovered by police from a residence on the block where the murder occurred did not contain his DNA. In particular, [Jones] avers that there was strong circumstantial evidence that the shotgun found in 5221 Glenloch Street was the gun used to kill the victim, and direct evidence that his DNA was not present on it. He further avers the absence of his DNA on the shotgun proves that he did not kill the victim. He concludes, therefore, that his trial counsel was ineffective for not offering this evidence to show that he did not kill the victim. We disagree.
>
> The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [A]ppellant." *Id.* To satisfy this burden, [Jones] must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of

arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the [Jones's] ineffective assistance of counsel claim. *Commonwealth v. Jones*, 811 A.2d 994, 1002 (Pa. 2002).

[Jones's] claim that his trial counsel was ineffective lacks merit. [Jones] does not offer any proof in support of his claim that the shotgun found at 5221 Glenloch Street was the murder weapon. Further, the Commonwealth did not introduce that weapon because it could not show that that particular shotgun was the murder weapon. *See* Commonwealth's Motion to Dismiss, 2/6/17, at 4-5; Commonwealth's Brief at 11.

Significant to this ineffectiveness claim, trial counsel's strategy rested on the absence of any murder weapon or other physical evidence linking [Jones] to the murder. Thus, it was objectively reasonable for [Jones's] counsel not to bring up the existence of the shotgun found at the house next to [his].

Moreover, two eyewitnesses, one of whom had known [Jones] for four years, identified him at the scene, in subsequent statements to police, and at trial, as the shooter. Even if [Jones] had proven that his trial counsel's strategy lacked an objectively reasonable basis, [Jones] has failed to prove that, but for counsel's alleged ineffectiveness, the outcome of [Jones's] trial would have been different. Thus, [his] claim fails.

*Jones*, 2018 WL 5276316, at *3–*4.

### B.     The instant habeas petition

On April 18, 2019, Jones filed the instant habeas petition. *See generally* Hab. Pet. [ECF No. 2]. His petition purports to assert a single claim of ineffective assistance of trial counsel based on counsel's failure to present evidence of a shotgun and shotgun shells found near the scene of the murder for which Jones was convicted, as well as DNA evidence found on the trigger of the shotgun. *See id*. According to Jones, based on the testimony of the government's ballistics expert, a reasonable person could have concluded the shotgun retrieved from near the

crime scene was the murder weapon.  *See id*. at 5.[3]  The fact that no DNA evidence was found on the weapon implicating Jones was, according to the habeas petition, of such an exculpatory nature that trial counsel's failure to present it to the jury amounted to a violation of Jones's Sixth Amendment right to effective assistance of counsel.  *See id*. at 6.  In his own words, Jones avers that

> his trial counsel was ineffective for failing to present evidence of an exculpatory nature. . . . [I]t could be inferred by a reasonable person that the weapon found in the same area of the crime was the weapon used to commit said crime.
>
> The Commonwealth or trial counsel never presented the DNA evidence from the weapon found by the police even though counsel had the evidence prior to trial.
>
> The coroner testified that the victim died from by [sic] shot with shotgun in the abdomen and head.  No shotgun was introduced at trial although the police recovered one, near the crime scene . . . .
>
> Trial counsel was ineffective for failing to present this very critical evidence, where he did not have a reasonable basis for failing to do so.

*Id*. at 5-6 (internal citations omitted).

## C.    The Report and Recommendation

Magistrate Judge Sitarski issued her R&R on April 15, 2020, in which she concluded that Jones was not entitled to habeas relief.  *See generally* R&R [ECF No. 22].  The R&R finds and recommends in relevant part as follows:

> [T]he Superior Court addressed [Jones's] ineffectiveness claim using Pennsylvania's three-pronged ineffectiveness test. This test requires the petitioner to establish: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.  The Third Circuit has found Pennsylvania's ineffectiveness test is not contrary to the *Strickland* standard.  Because the Superior Court did not apply law contrary to clearly established

---

[3]    The Court cites to the page numbers of Jones's "Memorandum of Law" filed with his habeas petition.  It is in this memorandum that Jones makes substantive argument in support of his entitlement to habeas relief.

precedent, [Jones] is entitled to relief only if he can demonstrate that its adjudication involved an unreasonable application of *Strickland*, or was based on an unreasonable determination of the facts in light of the evidence.

In this case, [Jones] argues that trial counsel was ineffective for failing to present a shotgun found near the scene of the crime and DNA evidence recovered from that shotgun.  [Jones] argues that the jury could have reasonably inferred that this shotgun was the murder weapon, and therefore the absence of his DNA on the shotgun could have exculpated him of the crime.  In its opinion rejecting this claim, the Superior Court found that trial counsel did not perform deficiently, and [Jones] was not prejudiced by any alleged deficient performance.  The Court found that [Jones] had failed to offer any proof that the shotgun at issue was indeed the murder weapon; in fact, the Superior Court noted that the Commonwealth never introduced the shotgun at trial because it could not prove it was the murder weapon.  The Superior Court also noted that trial counsel's defense strategy was to emphasize the Commonwealth's lack of physical evidence tying [Jones] to the crime, and that introducing the shotgun into evidence would have been counterproductive to this strategy.  Finally, the Court pointed out that the evidence against [Jones] was compelling: two eyewitnesses, one of whom had known him for years, had positively identified him at trial as the shooter.  The Court concluded that, because of this compelling evidence, [Jones] had failed to prove that the outcome of his trial would have been different but for trial counsel's conduct.  Therefore, the Superior Court found that [Jones's] ineffective assistance of counsel claim lacked merit.

The Superior Court's finding was reasonable under *Strickland*. . . . In this case, as the Superior Court noted in its opinion, the Commonwealth did not present the shotgun at trial because there was no proof that it was the murder weapon.  Because of this, trial counsel chose to implement a case strategy emphasizing the lack of physical evidence tying [Jones] to the crime. It was therefore reasonable for trial counsel to forego introducing the shotgun into evidence.

[Jones] has also failed to show that trial counsel's actions prejudiced his case, because the case against him was strong enough that, even but-for trial counsel's alleged ineffectiveness, the outcome of [Jones's] trial would not have been different. . . . As the Superior Court noted, the Commonwealth presented two eyewitnesses at trial who identified [Jones] as the shooter.  Both of these witnesses knew [Jones]; one knew him from the neighborhood, and the other had known him for four years. Both witnesses identified [Jones] at the scene, in statements to police, and at trial. I therefore conclude that the Superior Court reasonably found that [Jones] was not prejudiced by trial counsel's failure to present the shotgun at trial, because the outcome of the trial would not have been different, given the totality of the evidence presented at trial. Accordingly, I respectfully recommend that relief on this ground be denied.

*Id*. at 6-8 (internal quotations and citations omitted).

D.      **Jones's objections**

Jones raises five objections to Magistrate Judge Sitarksi's R&R.  *See generally* Jones's

Objections ("Obj.") [ECF No. 29].  First, Jones contends that he "presented evidence that the

shotgun recovered at 5221 Glenloch St. was the murder weapon."  *Id*. at 3.  He states that

"adopt[ing] the findings by the Superior Court of Pennsylvania that the shotgun recovered was

not shown to be the murder weapon by [Jones] . . . was an unreasonable determination of the

facts in light of the evidence presented in the state court proceeding."  *Id*. at 4.  In support of this

contention, he goes on to state that "[t]he firearm expert report shows that the shotgun recovered

fired both shotgun shells at the murder scene" and "the shotgun was recovered on the same

block" as the murder scene "with the same exact type and brand of shotgun shell found at the

murder scene."  *Id*.  He contends that, accordingly, "the evidence is clear that the shotgun

recovered was involved in the said crime."  *Id.*

Jones's second objection to the R&R is similar to his first:  he states that "[t]he Superior

Court during it's [sic] recitation of the ballistic evidence presented at trial by firearm expert

Kenneth Lay," committed "a clear factual error" and came to "an unreasonable determination of

the facts."  Obj. at 6.  The "error" Jones perceives concerns how the Superior Court framed the

ballistic evidence presented at trial.  Jones claims "[a] total of five pieces of ballistic evidence

was [sic] found at the murder scene[:] two fired shotgun shells (marked FS1 and FS2 on ballistic

report) two shotgun wads (marked W1 and W2 on ballistic report) and one shotgun slug (marked

SSl on ballistic report)."  *Id*. at 8.  Despite this supposedly clear ballistic evidence—and in

particular, the alleged five distinct pieces of evidence—Jones claims the Superior Court

improperly and inaccurately identified "2 spent shotgun shells and a shotgun slug" being

recovered from the murder scene, *id*., which "had insufficient microscopic markings to permit

identification," *id*. at 7.  According to Jones, "[t]he Superior Court seems to combine the (4) four items"— "the two shotgun wads and two shotgun shells"—"into two spent shotgun shells." *Id*. at 8.  He states that this was "an unreasonable determination of the facts" because "ballistician Kenneth Lay never testified about the four items combined into two shotgun shells as having insufficient microscopic markings to p[er]mit identification." *Id*. at 8.

In his third objection, Jones claims that the Superior Court "unreasonably applied [*Strickland v. Washington*, 466 U.S. 668 (1984)]'s performance prong," an application which he claims was then endorsed by the R&R.  Obj. at 10.  He states that although "[b]oth the Superior Court and the Magistrate Judge . . . acknowledge[ ] that [his ineffective assistance of counsel] claim [is] a two component issue"—in particular, that counsel was ineffective for (1) failing to present the shotgun recovered near the crime scene to the jury, and (2) failing to present DNA evidence recovered from the shotgun that allegedly exculpates Jones—the R&R "never addressed the second component of" Jones's ineffective assistance claim.  *Id*. at 11.  Jones moreover objects to the finding that trial counsel's failure to introduce either the shotgun or the purportedly exculpatory DNA evidence at trial was "reasonable" and part of a coherent trial strategy.  *See id*. at 12-15.

In his fourth objection, Jones contends that the Superior Court "unreasonably applied *Strickland*'s prejudice prong," an application which he states was then endorsed by the R&R. Obj. at 15.  As with the performance element of the *Strickland* standard, Jones claims Magistrate Judge Sitarski "never addressed [whether Jones] was prejudiced by trial counsel's failure to present" the purportedly exculpatory DNA evidence found on the shotgun.  *Id*. at 15.  "Instead," Jones claims, "the Magistrate Judge followed the unreasonableness of the Superior Court and focused on the shotgun itself."  *Id*.  As part of this objection Jones also challenges the finding of

both the Superior Court and Magistrate Judge Sitarski regarding the sufficiency of the

evidence—that the evidence against him was sufficiently strong such that even but for the

alleged ineffective assistance, there was not a reasonable likelihood the result at trial would have

been any different.  *See id.* at 15-16.  In support of this contention, Jones points to what he

claims is the suspect nature of the testimony of the two eyewitnesses to the crime—that their trial

testimony was inconsistent with previous statements given to the police, that both witnesses

"were 200 feet away at the time of the shooting, which was [at] nighttime," *id.* at 16, and that

one of the witnesses—Rodney Johnson—"was on PCP" when he allegedly witnessed Jones

commit the murder, *id.* at 18.

Fifth and finally, Jones objects to Magistrate Judge Sitarski's recommendation that he be

denied an evidentiary hearing on his habeas petition.  Obj. at 22-24.  He claims that he

"diligently sought to develop the factual basis of his [ineffective assistance of counsel] claim

throughout the state court proceedings," and that he has "alleged facts which, if proved would

entitle him to" the habeas relief he seeks.  *Id.* at 24.

## III.   LEGAL STANDARDS AND APPLICABLE LAW

### A.   Contested reports and recommendations—general principles

When timely objections to a magistrate judge's report and recommendation have been

filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a *de novo* review of those

portions of the report to which specific objections are made.  28 U.S.C. § 636(b)(1)(C); *Sample*

*v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  However, a district court "[is] not required to

make any separate findings or conclusions when reviewing a Magistrate Judge's

recommendation de novo under 28 U.S.C. § 636(b)."  *Hill v. Barnacle*, 655 F. App'x 142, 147

(3d Cir. 2016) (citing *Elmendorf Grafica, Inc. v. D.S. America (East), Inc.*, 48 F.3d 46, 49-50

(1st Cir. 1995)).  Where objections are general rather than specific, *de novo* review is not

required.  *See Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); *see also Snyder v. Bender*, 548

F. App'x 767, 771 (3d Cir. 2013).  Uncontested portions of a report and recommendation, as well

portions to which untimely or general objections are made, may be reviewed under a standard

determined by the district court; however, at the very least, these portions should be reviewed for

"clear error or manifest injustice."  *Colon-Montanez v. Delbalso*, No. 3:15-CV-02442, 2016 WL

3654504, at *1 (M.D. Pa. July 8, 2016); *Equal Employment Opportunity Comm'n v. City of Long

Branch*, 866 F.3d 93, 100 (3d Cir. 2017) ("[A] district court should 'afford some level

of review to dispositive legal issues raised by the report[.]'  We have described this level

of review as 'reasoned consideration.'" (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d

Cir. 1987))).  As a general matter, a district court "may accept, reject, or modify, in whole or in

part, the findings and recommendations" contained in a report.  28 U.S.C. § 636(b)(1)(C).

**B.      Habeas corpus petitions under 28 U.S.C. § 2254—general principles**

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in

violation of the law."  *Harrington v. Richter*, 562 U.S. 86, 91 (2011).  Under 28 U.S.C. § 2254,

which  governs petitions for a writ of habeas corpus on behalf of state court prisoners, habeas

relief is available to a petitioner only where a state court's determination of the merits of his

claims resulted in a decision that was (1) "contrary to, or involved an unreasonable application

of, clearly established Federal law, as determined by the Supreme Court of the United States," or

(2) "based on an unreasonable determination of the facts in light of the evidence presented in the

State court proceeding." [4]  28 U.S.C. § 2254(d)(1)-(2).  Section 2254 mandates that federal

---

[4]      Section 2254 was modified by the 1996 Antiterrorism and Effective Death Penalty Act
("AEDPA"), one purpose of which was "to reduce delays in the execution of state and federal
criminal sentences."  *Woodford v. Garceau*, 538 U.S. 202, 206 (2003).  In particular, Congress

courts "presume" the correctness of state court factual determinations with respect to issues

presented in a habeas petition.  28 U.S.C. § 2254(e)(1).  The statute also states that a habeas

petitioner "shall have the burden of rebutting [this] presumption of correctness by clear and

convincing evidence."  *Id.*; *Fahy v. Horn*, 516 F.3d 169, 181 (3d Cir. 2008) ("[A] federal habeas

court must afford a state court's factual findings a presumption of correctness and that [ ]

presumption applies to the factual determinations of state trial and appellate courts.");[5]

*Hunterson v. Disabato*, 308 F.3d 236, 245 (3d Cir. 2002) ("[I]f permissible inferences could be

drawn either way, the state court decision must stand, as its determination of the facts would not

be unreasonable.").

In the end, "[a] state court's determination that a claim lacks merit precludes

federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state

court's decision."  *Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (quoting *Harrington*, 562

U.S. at 101); *Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (explaining that § 2254 "imposes a

highly deferential standard for evaluating state-court rulings and demands that state-court

decisions be given the benefit of the doubt").

C.    **Ineffective assistance of counsel—general principles**

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth the

standard applicable to claims of ineffective assistance of counsel.  "First, the defendant must

---

adopted an amended 28 U.S.C. § 2254(d), governing petitions for writs of habeas corpus where a
petitioner's claims were previously "adjudicated on the merits in State court proceedings."  28
U.S.C. § 2254(d); *Woodford*, 538 U.S. at 206.

[5]      "[T]he § 2254(e)(1) presumption of [factual] correctness applies regardless of whether
there has been an 'adjudication on the merits' for purposes of § 2254(d)."  *Nara v. Frank*, 488
F.3d 187, 200-01 (3d Cir. 2007).

show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." *Id*. at 687.

To establish the first element—deficiency—a defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Rainey v. Varner*, 603 F.3d 189, 197 (3d Cir. 2010) (citing *Strickland*, 466 U.S. at 687). "For the deficient performance prong, '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Rainey*, 603 F.3d at 197 (quoting *Strickland*, 466 U.S. at 688). The deficiency inquiry is "deferential"—

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.

*Rainey*, 603 F.3d at 197 (quoting *Strickland*, 466 U.S. at 689).

To establish the second element—prejudice—the defendant must show that "there is a reasonable probability that, but for counsel's error, the result would have been different." *Rainey*, 603 F.3d at 197 (citing *Strickland*, 466 U.S. at 687). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 694 and *Harrington v. Richter*, 562 U.S. 86, 112 (2011)).

"The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (quoting *Strickland*, 466 U.S. at 689 and *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)). This is because the question before a federal court entertaining a § 2254(d) petition that raises a claim of ineffective assistance is not whether the state court's ruling on that issue was correct—that is,

whether counsel was actually ineffective under *Strickland*—but only whether the state court's determination of that issue was objectively unreasonable.  *Bell v. Cone*, 535 U.S. 685, 694 (2002) ("The focus of the [ ] inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in [*Williams v. Taylor*, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.").

## IV.   DISCUSSION

As an initial matter, the Court finds that Jones's objections are, on the whole, sufficiently particular to warrant a *de novo* review of those portions of the R&R's findings and conclusions to which the objections are directed.  *See* 28 U.S.C. § 636(b)(1)(C).  However, Magistrate Judge Sitarski has correctly identified the underlying framework required to address Jones's habeas claim (and his objections to the adjudication of this claim).  In particular, the Superior Court reviewed Jones's ineffective assistance claim under Pennsylvania's three-part test, and "[t]he Third Circuit has found Pennsylvania's ineffectiveness test is not contrary to the *Strickland* standard."  R&R at 6 (citing *Werts v. Vaughn*, 228 F.3d 178, 204 (3d Cir. 2000)).  It follows that "[b]ecause the Superior Court did not apply law contrary to clearly established precedent, [Jones] is entitled to relief only if he can demonstrate that [ ] adjudication [of his claim] involved an unreasonable application of *Strickland*, or was based on an unreasonable determination of the facts in light of the evidence."  R&R at 6 (citing 28 U.S.C. § 2254(d)(1)-(2)).  The Court reviews each of Jones's objections *de novo* with this framework in mind.

### A.   Objection #1:  Factual determinations regarding the shotgun as the murder weapon

As noted, Jones first objects to the R&R's apparent adoption of the "unreasonable determination of the facts in light of the evidence" made by the Superior Court that "the shotgun recovered was not shown to be the murder weapon."  Obj. at 4.  On this issue, the Superior Court

determined that Jones failed to "offer any proof in support of his claim that the shotgun found at 5221 Glenloch Street was the murder weapon," and further, that "the Commonwealth did not introduce that weapon because it could not show that that particular shotgun was the murder weapon." *Commonwealth v. Jones*, No. 1527 EDA 2017, 2018 WL 5276316, at *4 (Pa. Super. Ct. Oct. 24, 2018).

Jones's first objection is without merit. The Superior Court's determination that Jones failed to offer any proof in support of his claim that the shotgun found at 5221 Glenloch Street was the murder weapon was not unreasonable in light of the evidence. The most that Jones can point to in support of his assertion that the recovered shotgun was the murder weapon is (1) that it is a shotgun, which was the type of weapon responsible for Bruce Lassiter's death, (2) that it was found near the scene of the crime, and (3) that the ballistics report authored by the Philadelphia Police Department's firearms expert Kenneth Lay was not able to "permit an identification" of the gun as the murder weapon. In the Court's view, this showing is insufficient to rebut the presumption of correctness the Court owes the Superior Court's factual determination underlying Jones's § 2254 petition—that Jones failed to offer any proof to support that the shotgun recovered was the murder weapon. *See Davis v. Ayala*, 135 S.Ct. 2187, 2199-200 (2015) ("State-court factual findings [ ] are presumed correct; the petitioner has the burden of rebutting the presumption by 'clear and convincing evidence.'").

The ballistics report authored by Kenneth Lay deserves special attention. Jones contends in his objections that "[t]he firearm expert report shows that the shotgun recovered fired both shotgun shells at the murder scene" and "the evidence is clear that the shotgun recovered was involved in the said crime." Obj. at 4. These contentions are patently incorrect. The report states unambiguously that it was unable to reach a conclusion as to identification of the recovered

shotgun as the murder weapon:  the report stated that there were "insufficient corresponding microscopic markings" on the shotgun slug and "wadding" recovered at the crime scene "to permit a positive identification" of the shotgun recovered at 5221 Glenloch Street as the murder weapon.  Indeed, as the Superior Court pointed out, "the Commonwealth did not introduce that weapon because it could not show that that particular shotgun was the murder weapon."  *Jones*, 2018 WL 5276316, at *4; *see* R&R at 7.

Jones's (counseled) PCRA filings in state court appear to comprehend the inconclusiveness of the ballistics report.  In his brief in support of the PCRA appeal, Jones's PCRA counsel, in a slightly more nuanced manner, argued that the report "opined that the shotgun recovered by the police could not be excluded as the one used in the incident."  Jones's PCRA Appellate Brief, 2018 WL 2768927, at *4.  However, even accepting this more nuanced characterization of the ballistic report's conclusions as accurate, the Court does not agree that the absence of evidence excluding the weapon constitutes the requisite "clear and convincing" evidence that the weapon indeed was the murder weapon.  28 U.S.C. § 2254(e)(1).  Without such evidence, the Court cannot find the Superior Court's determination to be objectively unreasonable.  What is more, even if this Court would have viewed the firearm report as capable of proving that the recovered shotgun was the murder weapon, "state-court factual determinations [may not be characterized] as unreasonable merely because [the federal court] would have reached a different conclusion in the first instance."  *Johnston v. Mahally*, 348 F. Supp. 3d 417, 432 (E.D. Pa. 2018) (quoting *Brumfield v. Cain*, 135 S. Ct. 2269, 2277 (2015)).

In the end, the Court must conclude that Jones has failed to show by clear and convincing evidence that the factual finding of the Superior Court with which he disagrees—that he failed to offer any proof in support of his claim that the shotgun found at 5221 Glenloch Street was the

murder weapon—was an unreasonable determination in light of the evidence.  *See* 28 U.S.C. §
2254(e)(1).  Jones's first objection is therefore overruled.

      **B.**      **Objection #2:  The Superior Court's framing of the ballistic evidence**

      In his second objection, Jones avers that the Superior Court came to "an unreasonable
determination of the facts" in its summary of the ballistics evidence presented at trial, because
"ballistician Kenneth Lay never testified about the four items [two shotgun shells and two
shotgun "wads"] combined into two shotgun shells as having insufficient microscopic markings
to p[er]mit identification."  Obj. at 8.  Jones states that Lay "only testified as to the identification
separately as two fired shotgun shells and two shotgun wads."  *Id*. at 9.

      This objection is without merit.  The Superior Court's recitation of the ballistics evidence
presented at trial reads as follows:

> At [Jones's] jury trial . . . . Police Officer Brian Stark of the Crime Scene Unit
> testified that when he processed the crime scene he recovered several items,
> including a bicycle; two spent shotgun shells; and a shotgun slug. Notably, the
> police did not recover a shotgun at the scene. The Commonwealth did not offer any
> shotgun, or other weapon, as evidence at trial.[6]
>
> Ballistician Kenneth Lay testified that the two fired shotgun shells recovered from
> the scene came from the same weapon—a 12 gauge shotgun. The shotgun shells
> had insufficient microscopic markings to permit identification.
>
> Counsel stipulated that police submitted a DNA swab taken from the bicycle and
> the shotgun shells found at the scene to the DNA laboratory resulting in a finding
> of insufficient information to make any definitive conclusions.

---

[6]     Jones is incorrect that "[a] total of five pieces of ballistic evidence was [sic] found at the
murder scene[:] two fired shotgun shells (marked FS1 and FS2 on ballistic report) two shotgun
wads (marked W1 and W2 on ballistic report) and one shotgun slug (marked SSl on ballistic
report)."  Obj. at 8.  As the Superior Court observes here, there was no shotgun found at the
scene; the shotgun was found at 5221 Glenloch Street.

*Jones*, 2018 WL 5276316, at *1.  The Court assumes that Jones takes issue with the Superior Court's statement that "[t]he shotgun shells had insufficient microscopic markings to permit identification."  *Id.*  However, having reviewed Kenneth Lay's trial testimony, the Court does not find this statement to be a factually incorrect characterization of that testimony or of the conclusions contained in Lay's ballistics report.  In particular, while Lay testified that the two recovered pieces of shotgun wadding "had insufficient microscopic markings to permit an identification," N.T. 11/22/2011 at 34:11-12—which the Court assumes Jones would point to as an indication that the wadding *rather than the shells* displayed insufficient markings to permit identification—Lay also stated as follows when asked if "you are able to compare the slug to either the fired shotgun shells or to the waddings?":  "No, there's no way of making a comparison of those items against each other," *id.* at 34:15-18.  Therefore, in the spirit of the presumption of factual correctness that state court factual determinations receive, *see Fahy v. Horn*, 516 F.3d 169, 181 (3d Cir. 2008), the Court finds there to be sufficient evidence in the record to support the characterization of the Superior Court with which Jones takes issue.  This objection is overruled.[7]

### C.     Objection #3:  The Superior Court's denial of Jones's ineffective assistance claim—trial counsel's performance

Jones's third objection avers that the Superior Court and Magistrate Judge unreasonably applied the "performance" element of the standard for claims of ineffective assistance of counsel.

---

[7]     Equally important, even if the Superior Court's factual characterization was clearly unreasonable in light of the factual record, Jones would not be entitled to habeas relief.  This is because the finding of the Superior Court that his ineffective assistance of counsel claim was without merit was not "based on" this factual characterization (or "determination").  28 U.S.C. § 2254(d)(2) (entitling a petitioner to habeas relief when a state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding").

In particular, while they "acknowledged that [Jones's ineffective assistance of counsel] claim [is] a two component issue"— that counsel was ineffective for (1) failing to present the shotgun recovered near the crime scene to the jury, and (2) failing to present DNA evidence found on the shotgun that excluded him as the shooter—Jones contends that neither the Superior Court nor the Magistrate Judge "addressed the second component of" his ineffective assistance claim.  Obj. at 11.

This objection is without merit.  Contrary to it, both Magistrate Judge Sitarski and the Superior Court addressed Jones's claim that his trial counsel was ineffective for failing to offer the DNA evidence from the recovered shotgun in addition to the shotgun itself.  Indeed, these arguments are in essence two halves of the same whole:  introduction of the shotgun without introduction of the purportedly exculpatory DNA evidence found on it would make no sense; nor would introduction of the DNA evidence without the shotgun on which it was found.  As to these arguments, Judge Sitarski stated as follows:

> [Jones] argues that the jury could have reasonably inferred that this shotgun was the murder weapon, and therefore the absence of his DNA on the shotgun could have exculpated him of the crime. In its opinion rejecting this claim, the Superior Court found that trial counsel did not perform deficiently, and [Jones] was not prejudiced by any alleged deficient performance. The Court found that [Jones] had failed to offer any proof that the shotgun at issue was indeed the murder weapon; in fact, the Superior Court noted that the Commonwealth never introduced the shotgun at trial because it could not prove it was the murder weapon. The Superior Court also noted that trial counsel's defense strategy was to emphasize the Commonwealth's lack of physical evidence tying [Jones] to the crime, and that introducing the shotgun into evidence would have been counterproductive to this strategy.

R&R at 6-7 (internal citations omitted).  And as the R&R observes, the Superior Court found as follows:

> [Jones] claims his trial counsel was ineffective for failing to introduce evidence at trial that the shotgun recovered by police from a residence on the block where the murder occurred did not contain his DNA.

*   *   *

> [Jones] claim that his trial counsel was ineffective lacks merit. [Jones] does not offer any proof in support of his claim that the shotgun found at 5221 Glenloch Street was the murder weapon. Further, the Commonwealth did not introduce that weapon because it could not show that that particular shotgun was the murder weapon.
>
> Significant to this ineffectiveness claim, trial counsel's strategy rested on the absence of any murder weapon or other physical evidence linking [Jones] to the murder. Thus, it was objectively reasonable for [Jones's] counsel not to bring up the existence of the shotgun found at the house next to [his].

*Jones*, 2018 WL 5276316, at *3-*4.

As the R&R and Superior Court make clear, Jones's two-part ineffective assistance claim is resolved by the same finding:  that there was no proof that the shotgun recovered at 5221 Glenloch was the murder weapon.  Moreover, as the Court has already determined with respect to Jones's first objection, this factual finding was not unreasonable in light of the evidence before the Superior Court.  It follows that in light of this finding, the only way Jones could receive habeas relief is if the Superior Court's denial of Jones's ineffective assistance claim for counsel's failure to introduce evidence was "contrary to, or involved an unreasonable application of, clearly established Federal law."  28 U.S.C. § 2254(d)(1).

Focusing first on the Superior Court's determination regarding the "performance" element of Jones's ineffective assistance claim—the issue of prejudice will be addressed in the context of Jones's fourth objection—the Court finds that the Superior Court's denial of Jones's ineffective assistance claim was not contrary to, or based on an unreasonable application of clearly established federal law.  To the contrary, the Court is in agreement that "trial counsel's strategy rested on the absence of any murder weapon or other physical evidence linking Appellant to the murder. Thus, it was objectively reasonable for [Jones's] counsel not to bring up

the existence of the shotgun found at the house next to [his]." *Jones*, 2018 WL 5276316, at *4.

Indeed, trial counsel's closing arguments to the jury illuminate this strategy:

> Let's look at the physical evidence, ladies and gentlemen, because . . . I think you
> would agree with me, that the physical evidence does not lie. Well, what physical
> evidence did you hear that links this crime to [Jones]? No gun, no ballistics
> evidence, that links directly to him, be it waddings, be it shells, be it whatever: no
> fingerprints, no DNA, no trace evidence, nothing. No physical evidence whatsoever
> linking [Jones] to this crime. You heard that his home was searched. What did they
> find? Some mail, some furniture. No ballistics evidence, nothing else. Nothing.

N.T. 11/22/2011 at 88:6-18.  Pursuant to this strategy, avoiding introduction of any physical

evidence that posed any risk of connecting Jones to a potential murder weapon cannot be said to

be unreasonable under "prevailing professional norms." *Rainey v. Varner*, 603 F.3d 189, 197

(3d Cir. 2010) (citing *Strickland*, 466 U.S. at 688).  To the contrary, it makes perfect sense.

Therefore, the Superior Court's determination regarding trial counsel's performance vis-à-vis

Jones's ineffective assistance claim was not "contrary to" or based on "an unreasonable

application" of federal law, and as such does not entitle him to federal habeas relief.  28 U.S.C. §

2254(d)(1)-(2).  Jones's objection based on his trial counsel's allegedly deficient performance is

overruled.

### D.    Objection #4:  The Superior Court's denial of Jones's ineffective assistance claim—prejudice

In his fourth objection, Jones contests both Judge Sitarski's and the Superior Court's

determination that even assuming trial counsel's performance was deficient, there was not a

reasonable likelihood that the jury's verdict would have been different but for the alleged

deficiency.  According to Jones, the evidence against him was not sufficiently strong to warrant

this conclusion.  *See* Obj. at 15-16.  As with his other objections, this objection is without merit.

As noted previously, for Jones to be entitled to habeas relief in light of this Court's

finding that the Superior Court did not make any unreasonable factual determinations, it must be

the case that the Superior Court's denial of his ineffective assistance claim was contrary to or

involved an unreasonable application of federal law.  Having found that the Superior Court's

determination that trial counsel's performance was not deficient does not satisfy this standard,

the Court now concludes that the Superior Court's determination with respect to the second

element of an ineffective assistance claim—prejudice caused by counsel's allegedly deficient

performance—similarly fails to satisfy this standard.  In particular, as Magistrate Judge Sitarski

observed and found,

> the Superior Court noted [that] the Commonwealth presented two eyewitnesses at
> trial who identified [Jones] as the shooter. Both of these witnesses knew [Jones];
> one knew him from the neighborhood, and the other had known him for four years.
> Both witnesses identified [Jones] at the scene, in statements to police, and at trial.
> I therefore conclude that the Superior Court reasonably found that [Jones] was not
> prejudiced by trial counsel's failure to present the shotgun at trial, because the
> outcome of the trial would not have been different, given the totality of the evidence
> presented at trial.

R&R at 8 (internal citations omitted).  The Court agrees.[8]  Because the Superior Court's

determination that Jones did not suffer any prejudice as a result of trial counsel's allegedly

deficient performance was not itself contrary to, or an unreasonable application of federal law,

this objection is overruled.

### E.    Objection #5:  Evidentiary hearing

In his final objection, Jones objects to Magistrate Judge Sitarski's recommendation that

he be denied an evidentiary hearing to further develop the factual basis for his claim.  In support

---

[8]       Jones points to what he claims is the suspect nature of the testimony of the two
eyewitnesses to the crime—that their trial testimony was inconsistent with previous statements
given to the police, that both witnesses "were 200 feet away at the time of the shooting, which
was [at] nighttime," Obj. at 16, and that one of the witnesses—Rodney Johnson—"was on PCP"
when he allegedly witnessed Jones commit the murder, *id.* at 18.   The Court finds that the trial
record contains sufficient evidence to weigh against these credibility issues. *See, e.g*., N.T.
11/18/2011 at 75; N.T. 11/21/2011 at 69-72, 115, 121, 125.

of this objection, Jones contends that he "diligently sought to develop the factual basis of his

[ineffective assistance of counsel] claim throughout the state court proceedings, and that he has

"alleged facts which, if proved would entitle him to" the habeas relief he seeks.  Obj. at 24.  The

Court finds that Jones is not entitled to an evidentiary hearing, and this objection is therefore

without merit.

The Third Circuit has explained that "a district court is permitted to hold an evidentiary

hearing on a claim asserted in a § 2254 petition so long as such a hearing is not barred by 28

U.S.C. § 2254(e)(2). Under that section, a habeas court is barred from holding an evidentiary

hearing unless the petitioner was diligent in his attempt to develop a factual basis for his claim in

the state court proceedings." *Palmer v. Hendricks*, 592 F.3d 386, 392 (3d Cir. 2010).  Where a

petitioner is not barred from receiving an evidentiary hearing, "the decision to grant such a

hearing rests in the discretion of the district court."  *Schriro v. Landrigan*, 550 U.S. 465, 469

(2007).  "In determining whether or not to hold an evidentiary hearing, courts should 'consider

whether such a hearing could enable an applicant to prove the petition's factual allegations,

which, if true, would entitle the applicant to federal habeas relief.'"  *Palmer*, 592 F.3d at 393

(quoting *Schriro*, 550 U.S. at 474).  However, "if the record refutes the applicant's factual

allegations or otherwise precludes habeas relief, a district court is not required to hold an

evidentiary hearing."  *Palmer*, 592 F.3d at 393 (quoting *Schriro*, 550 U.S. at 474).

Here, there are no factual allegations that, if proven true, would entitle Jones to the

habeas relief he seeks.  The main factual contention that Jones purports to make in his habeas

petition is that the shotgun recovered at 5221 Glenloch Street was the murder weapon, and the

Superior Court's finding to the contrary was unreasonable.  However, whether or not the shotgun

actually was the murder weapon is not material to his claim for relief *in this petition*; rather, the

relevant inquiry, as discussed at length above, is whether the Superior Court's determination of that issue in light of the evidence in front of it *was itself a reasonable one*.  The record before the Superior Court is not in dispute, and consequently there can be no disputed material facts the resolution of which would entitle Jones to the relief he seeks.  *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (explaining that a federal court's habeas "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits").  This objection is overruled as a result; Jones is not entitled to an evidentiary hearing.

   **F.**  **There is no basis for a certificate of appealability**

   A certificate of appealability ("COA") should only be issued "if the petitioner 'has made a substantial showing of the denial of a constitutional right.'"  *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (quoting 28 U.S.C. § 2253(c)).  "Where a district court has rejected the constitutional claims on the merits . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Where the denial of a habeas petition is based on procedural grounds and the Court does not reach the underlying constitutional claim, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

   In the Court's view, Jones has failed to demonstrate that reasonable jurists would disagree over whether he is entitled to habeas relief based on the Superior Court's determination on his claim for ineffective assistance of trial counsel.  For the reasons discussed at length above, the Superior Court's factual determination—that Jones failed to provide proof that the recovered shotgun was the murder weapon—and its subsequent legal determination—that Jones's trial

counsel was not ineffective—do not entitle him to habeas relief under the standards set forth in 28 U.S.C. § 2254(d)(1) and (2).  This ultimate conclusion is not one that reasonable jurists would find debatable.  As a result, Jones is not entitled to the issuance of a certificate of appealability.

## V.      CONCLUSION

For the reasons set forth above, the Court overrules the objections to Judge Sitarski's R&R and adopts the R&R's findings and recommendations in their entirety.  As such, Jones's petition for habeas relief is denied and dismissed.  The Court further declines to issue a COA or hold an evidentiary hearing.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge