**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANDREW JONES | No.  2:19-cv-1685 |
| Petitioner, | |
| | |
| v. | |
| | |
| THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA, *et al.* | |
| Respondents. | |

**UNOPPOSED MOTION TO SUSPEND THE BRIEFING SCHEDULE AND TO HOLD THESE PROCEEDINGS IN ABEYANCE PENDING EXHAUSTION OF NEWFOUND GROUNDS FOR RELIEF**

Pursuant to the procedures outlined by the United States Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005), Petitioner, Andrew Jones ("Mr. Jones"), without objection by Respondent, The District Attorney of the County of Philadelphia ("District Attorney," and collectively with Mr. Jones, the "parties"), and through undersigned counsel, respectfully moves this Court to suspend the briefing schedule and to hold these habeas corpus proceedings in abeyance pending exhaustion of Mr. Jones' newly discovered grounds for relief, and alleges the following in support thereof:

## I.      INTRODUCTION

In accordance with state law procedures, Mr. Jones plans to file a second Post-Conviction Relief Act ("PCRA") petition in the Philadelphia Court of Common Pleas.  The PCRA petition will set forth four new claims for relief—three *Brady* violations and one new ineffective assistance of counsel claim.  The facts forming the bases for these new claims were only revealed to Mr. Jones after he filed his original PCRA petition in the Court of Common Pleas and after filing his original habeas corpus petition with this Court.  These new claims were not the subject of any prior claims for relief in any court.  As a result, Mr. Jones' current petition for relief is now a

combination of exhausted claims (those asserted in his pending habeas petition) and unexhausted claims.

The facts underlying Mr. Jones' unexhausted claims are the result of the Third Circuit's appointment of pro bono counsel on Mr. Jones' behalf and the current District Attorney's Office open file policy.  The facts underlying the first *Brady* claim—arising from a failure to disclose that one of the alleged eyewitnesses admitted that he previously had lied to the police—was discovered in or around July 2022, after counsel received additional documents from the District Attorney's Office and engaged a private investigator to further investigate those documents.  The second *Brady* claim is based upon the same facts giving rise to the first *Brady* claim—the failure to disclose information regarding the alleged eyewitness's criminal history—and includes the Commonwealth's decision in 2007 to *nolle pros* its 2006 criminal charges against the alleged eyewitness for lying to the police.  The third *Brady* claim—arising from the anonymous note— was discovered on or about February 23, 2022, when counsel obtained the file maintained by the Philadelphia Police Department Homicide Detectives, known as the H-File.  The ineffective assistance of counsel claim is based on trial counsel's failure to properly investigate and arises out of the first and second *Brady* claims.

Because the District Attorney's Office previously failed to produce these documents prior to trial despite specific written requests, Mr. Jones was unable to present these claims to the Court of Common Pleas in the first instance.  Under Pennsylvania's PCRA statute, a PCRA petition is timely if it is filed within one year of the date on which a claim could have been presented, where the failure to present the "claim previously was result of interference by government officials with the presentation of the claim in violation of the Constitution [] of the United States."  42 Pa. C. S. § 9545(b)(1)-(2).  Mr. Jones therefore requests the opportunity to exhaust his new claims in state

court before bringing them in federal court as part of these habeas proceedings, in accordance with the procedures outlined by the United States Supreme Court in *Rhines v. Weber*.

## II.   SUMMARY OF FACTS AND PROCEDURAL HISTORY

On November 23, 2011, Mr. Jones was convicted in the Philadelphia Court of Common Pleas of murder in the first degree and possessing an instrument of a crime. On that same day, the court sentenced Mr. Jones to life imprisonment on the first-degree murder conviction and a concurrent term of 2 ½ to 5 years' incarceration for his conviction of possessing an instrument of a crime.

On April 15, 2014, Mr. Jones filed a timely petition for relief with the Philadelphia Court of Common Pleas under Pennsylvania's PCRA. On May 3, 2017, Mr. Jones' PCRA petition was dismissed by the Court of Common Pleas. Mr. Jones timely appealed the dismissal of his PCRA petition to the Pennsylvania Superior Court. On October 24, 2018, the Superior Court affirmed the dismissal of Mr. Jones' PCRA petition.

On April 28, 2019, Mr. Jones filed a habeas corpus petition with this Court under 28 U.S.C. § 2254. This habeas petition is currently pending before this Court and is grounded in a single claim for ineffective assistance of counsel based on his trial counsel's failure to present evidence of the shotgun found near the scene of the murder with DNA evidence found on the trigger of that shotgun excluding Mr. Jones as a match.

On April 15, 2020, Magistrate Judge Lynne A. Sitarski issued her Report and Recommendation ("R&R") in which she concluded that Mr. Jones was not entitled to habeas relief and recommended that his petition be denied. Subsequently, Mr. Jones filed timely pro se objections to Judge Sitarski's R&R. On September 21, 2020, this Court overruled Mr. Jones' objections, adopted Judge Sitarski's R&R, and denied Mr. Jones' petition for a writ of habeas corpus. This Court did not issue a certificate of appealability.

On December 29, 2020, Mr. Jones filed with the Third Circuit a pro se application for a certificate of appealability as to this Court's denial of his writ of habeas corpus.  On August 31, 2021, the Third Circuit granted Mr. Jones a certificate of appealability and appointed James Scott Ballenger, the Director of the Appellate Litigation Clinic at the University of Virginia School of Law, as counsel to represent Mr. Jones in his appeal.  On February 17, 2022, the Third Circuit set a briefing schedule and ordered Mr. Jones' opening brief and appendix to be filed by March 29, 2022.

While reviewing the Philadelphia District Attorney's Office's file on this matter under its open records policy, counsel for Mr. Jones discovered additional evidence, outside the existing record, raising a potentially meritorious *Brady* claim relating to an undisclosed police note relaying the location to which the shooter ran and from where a shotgun was later recovered.  Accordingly, on March 14, 2022, Mr. Jones alerted the Third Circuit of the newly discovered evidence and moved the Third Circuit for a 30-day extension of time to file his brief and appendix to allow sufficient time to examine the newly discovered evidence and consider the appropriate course of action.

On March 22, 2022, the Third Circuit granted Mr. Jones' motion for an extension until April 28, 2022.  After reviewing more closely the newly discovered evidence and discussing these matters with counsel, Mr. Jones decided to amend and/or supplement his habeas corpus petition to include *Brady* claims based on that newly discovered evidence.  The District Attorney agreed that a remand was the most fair and efficient way to proceed.  Accordingly, the parties jointly moved the Third Circuit to remand the matter back to this Court to allow Mr. Jones an opportunity to propose an amendment to his habeas petition, while staying the appellate proceedings and briefing schedule but reserving its jurisdiction over the appeal.

On July 6, 2022, the Third Circuit granted the parties' joint motion and partially remanded this matter so this Court may consider a motion by Mr. Jones to amend his habeas petition to include *Brady* claims based on newly discovered evidence. On July 21, 2022, this Court entered an order directing Mr. Jones to file a motion to amend his petition on or before August 12, 2022. Following the filing of three unopposed motions by Mr. Jones for additional time to file a motion to amend his habeas petition, this Court extended the deadline to November 25, 2022.

Since the Third Circuit's July 6, 2022 Order that partially remanded this matter to this Court, counsel for Mr. Jones investigated his *Brady* claim arising from the undisclosed police note relaying the location to which the shooter ran and from where the shotgun used in the crime was later recovered. Mr. Jones engaged a private investigator, retired FBI agent Vicki Humphreys, to further investigate the facts and circumstances underlying the *Brady* claim and the police note. As part of their ongoing investigation, Mr. Jones discovered another potential *Brady* violation arising from the apparent failure to disclose that one of the prosecution's two testifying eyewitnesses, Rodney Johnson, was arrested for lying to the police and had subsequently admitted in a signed statement that he had, in fact, knowingly lied to the police.

Mr. Jones, along with the private investigator, investigated this additional potential *Brady* violation and sent information requests to various individuals and agencies, including the Special Investigations Unit of the Philadelphia District Attorney's Office. Mr. Jones also brought this issue to the attention of the District Attorney's Office for further investigation. The District Attorney provided Mr. Jones with open file discovery relevant to the potential *Brady* violations and the facts surrounding the District Attorney's non-prosecution of Mr. Johnson for any of his outstanding charges. A review of the files revealed that (1) Mr. Johnson had admitted to detectives in a signed statement that he previously lied to the police; and (2) the District Attorney decided to

*nolle prosequi* the charges against Mr. Johnson for lying to the police because of his military deployment overseas.  There is no evidence in the files that the District Attorney ever provided Mr. Jones' trial counsel in the underlying homicide, Lee Mandell, with any information related to Mr. Johnson's criminal history for lying to the police, including (a) the transcript from Mr. Johnson's preliminary hearing for the charges of lying to the police; (b) Mr. Johnson's interview with detectives and signed statement in which he admitted to lying to the police; or (c) the disposition of Mr. Johnson's criminal charges.

Counsel for Mr. Jones obtained Mr. Mandell's case file from the underlying homicide and confirmed that Mr. Mandell sought discovery regarding, among other things, *Brady* materials including the criminal histories of any of the prosecution witnesses and that neither the police note regarding the location where the shooter ran nor any information related to Mr. Johnson having lied to the police were in Mr. Mandell's files.  Instead, all evidence shows that neither Mr. Jones nor his counsel ever received any of this exculpatory information.  Current counsel for Mr. Jones has made many attempts, but remains unsuccessful, in meeting with Mr. Mandell to discuss Mr. Jones' underlying homicide trial.

## III.   <u>LEGAL ARGUMENT</u>

The availability of abeyance procedures under circumstances similar to those here is governed by *Rhines*.  In *Rhines*, the Supreme Court resolved a split in the Circuits regarding the propriety of the "stay-and-abeyance" procedure between, on the one hand, *Crews v. Horn*, 360 F.3d 146 (3d Cir. 2004), and *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001) (each permitting abeyance); and, on the other hand, the Eighth Circuit's ruling that district courts had no authority to hold mixed habeas petitions in abeyance.  *See Rhines*, 544 U.S. at 273.

Prior to the passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limitations period under § 2254, the proper procedure when confronted with a mixed

petition was governed by *Rose v. Lundy*, 455 U.S. 509 (1982). However, as noted in *Rhines*, because of "the interplay between AEDPA's 1-year statute of limitations and *Lundy*'s dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Rhines*, 544 U.S. at 275.

Accordingly, the Supreme Court approved the approach of *Crews* and *Zarvela*. The Court ruled that it would likely be "an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if [1] the petitioner had good cause for his failure to exhaust, [2] his unexhausted claims are potentially meritorious, and [3] there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhine*s, 544 U.S. at 278. Thus, staying federal habeas proceedings is appropriate in order to permit a petitioner to exhaust his unexhausted claim(s) in state court and should be granted when the district court finds these three grounds satisfied.

Mr. Jones satisfies these prerequisites to invoke the stay and abey procedures. First, good cause exists for asserting Mr. Jones' unexhausted claim. In his concurring opinion in *Rhines*, Justice Stevens explained that "'good cause' . . . is not intended to impose the sort of strict and inflexible requirement that would 'trap the unwary pro se prisoner.'" *Rhines*, 544 U.S. at 279 (Stevens, J., concurring) (quoting *Lundy*, 455 U.S. at 520)). Here, the reason for the non-exhaustion is that the District Attorney's Office, despite specific written requests, failed to produce the materials that form the basis for the claims and these materials were never made available to Mr. Jones until counsel was appointed by the Third Circuit. As for the first and second *Brady* claims, upon information and belief, the District Attorney never provided Mr. Jones with any information related to Mr. Johnson's criminal history for lying to the police, including the preliminary hearing transcript or the interview notes from the underlying investigation in which

Mr. Johnson admitted to lying to the police. Counsel for Mr. Jones only discovered this information after they retained a private investigator to investigate the underlying facts and after counsel for Mr. Jones reviewed Mr. Johnson's criminal file pursuant to the District Attorney's Office open records policy. As for the third *Brady* claim, Mr. Jones only discovered the police note when his counsel reviewed the H-File after the appeal was filed before the Third Circuit.

The new ineffective assistance of counsel claim is premised entirely on the same facts as the first and second *Brady* claims and is grounded in Mr. Mandell's failure to properly investigate. Mr. Mandell had a duty to investigate the criminal histories of the Commonwealth's witnesses in Mr. Jones' underlying homicide trial but failed to do so. Had Mr. Mandell diligently investigated these witnesses, he would have discovered that Mr. Johnson was charged with lying to the police and that he admitted doing so during a police interview, where he provided a signed statement. Mr. Mandell would have also asked the District Attorney's Office about the reasons for the disposition of charges against Mr. Johnson and learned that the District Attorney's Office decided to drop those charges as a result of Mr. Johnson's upcoming military deployment. These records would have been used for impeachment purposes to undermine Mr. Johnson's credibility and evidence his bias.

The new *Brady* violations and additional ineffective assistance of counsel claim raise significant due process concerns and present newly discovered exculpatory information. It is therefore critically important that Mr. Jones be given the ability to raise them in the Court of Common Pleas before presenting them to this Court. If not, Mr. Jones would have no choice but to raise it in this Court first and risk having the statute of limitations run in the state court proceeding since, based on the PCRA statute of limitations, Mr. Jones has until at least February 2023 to file a new PCRA petition. *See* 42 Pa. C. S. § 9545(b)(1)-(2) (allowing one year of the

date on which a claim could have been presented, where the failure to present the "claim previously was result of interference by government officials with the presentation of the claim in violation of the Constitution [] of the United States.").

Second, in light of Mr. Jones' ability, pursuant to 42 Pa.C.S. § 9545(b)(2), to file these three new *Brady* claims within one year of discovery of the facts in support of the claims, Mr. Jones' presentation of his unexhausted claim to the state court will not be plainly meritless. To the contrary, Mr. Jones has substantial bases for relief based on three separate *Brady* violations and one additional claim for ineffective assistance of counsel.

Third, the instant request is not made for purposes of delay, as evidenced by the importance of these claims (which are rooted in the presence of exculpatory information and due process concerns) and Mr. Jones having plans to move well within the Pennsylvania limitations period for this remedy. Mr. Jones will provide updates to this Court if it so orders and commits to filing the PCRA petition within 30 days of entry of an order on this Motion.

Principles of federalism and comity all favor allowing the state courts the opportunity to consider Mr. Jones' unexhausted claim beforehand. Indeed, these doctrines support *Rhines*' stay procedure. *See Rhines*, 544 U.S. at 273-74; *Duncan v. Walker*, 533 U.S. 167, 178-79 (2001).

The "stay and abey" procedure has been recently applied by the Eastern District of Pennsylvania in *Ali v. Oliver*, No. 19-4339, 2022 U.S. Dist. LEXIS 119534 (E.D. Pa. July 7, 2022) under similar circumstances as those present here. In *Ali*, the petitioner filed a motion to amend a *Brady* claim based on recently discovered evidence and asked the court to stay consideration of the habeas petition so that he could develop the facts underling the new claims in state court. *Ali*, 2022 U.S. Dist. LEXIS 119534 at *3. Magistrate Judge Hey recommended—and this Court accepted—granting the motion to amend, reasoning that "[r]ather than allowing Ali to proceed

with the claims in the original petition only to possibly have to revisit the propriety of the conviction once the state court proceedings on the new claim(s) are concluded, judicial economy and comity favor allowing him to amend the petition to include the first Brady claim." *Id.*

As a result of the granting of the motion to amend, the petition, as amended, was a mixed petition containing exhausted and unexhausted claims. *Id.* at *3. The Magistrate Judge recommended—and this Court accepted—that consideration of the habeas petition be stayed while the petitioner exhausted the new *Brady* claims in state court. *Id.* at *4. The Magistrate Judge explained that in cases where "the petitioner can show good cause for failing to exhaust and that his unexhausted claims have potential merit, the [Supreme] Court approved the use of a 'stay and abey' procedure." *Id.* The Magistrate Judge further explained that staying the federal habeas petition rather than dismissing it allows a petitioner to "comply with the exhaustion requirement without the need to re-file at a point in time that might be outside of the statute of limitations," and that "[t]his procedure protects the concerns of both comity and finality by giving the state courts the first opportunity to address the unexhausted claims and preserving the petitioner's exhausted claims from an untimely fate if the federal court were to dismiss a mixed petition." *Id.* The Magistrate Judge found that because the claims presented in his original and amended petitions were timely, dismissal of the pending amended habeas petition to allow exhaustion of the newly discovered claims would be inequitable because it "would result in the claims in the original petition being found untimely in a subsequent petition due to the passage of time during the pendency of the current habeas petition." *Id.* at *4.

These same principles compel a stay here because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity for the state courts to correct a constitutional violation." *Rhines*, 544 U.S. at 274. Denying Mr.

Jones the opportunity to return to state court affects not just his opportunity to litigate his new claims, it also undermines the interests of justice in giving a Petitioner a forum to have a first full and fair adjudication of the claim.  Satisfying these federalism concerns far outweighs whatever delay this stay would cause in the federal proceedings.  That is, between *de novo* federal review of an unexhausted claim and delay of an exhausted claim, delay in order to exhaust claims in state court is plainly the lesser of two evils.

For these reasons, the Court should be attentive to the significant federalism concerns at issue in this unopposed request for a stay and give respect to the state courts by granting Mr. Jones an opportunity to first litigate these new claims in state post-conviction proceedings, which are still available to him under Pennsylvania law.

## IV.   <u>CONCLUSION</u>

An amended habeas petition in this Court will be a mixed petition of both exhausted and unexhausted claims.  Thus, for all of the reasons stated, Mr. Jones requests that this Court grant his simultaneously filed Unopposed Motion for Leave to Amend Petition for Writ of Habeas Corpus, and then to suspend the briefing schedule and grant the instant motion to hold these proceedings in abeyance pending the outcome of the state court proceeding.  Mr. Jones will report back to the Court at the end of the litigation or will file periodic status reports based on the Court's direction.

Dated: November 23, 2022

Respectfully submitted,

_/s/ Michael A. Schwartz_

Michael A. Schwartz
Avrohom C. Einhorn
Kaitlin L. Meola
**TROUTMAN PEPPER HAMILTON
SANDERS LLP**
3000 Two Logan Square
Philadelphia, PA 19103
(215) 981-4000
michael.schwartz@troutman.com
avrohom.einhorn@troutman.com
kaitlin.meola@troutman.com

Victoria D. Summerfield
**TROUTMAN PEPPER HAMILTON
SANDERS LLP**
501 Grant Street, Suite 300
Pittsburgh, PA 15219
(412) 454-5000
victoria.summerfield@troutman.com

*Counsel for Petitioner Andrew Jones*

## <u>CERTIFICATE OF CONCURRENCE</u>

On November 21, 2022, opposing counsel, Matthew C. Stiegler, advised undersigned counsel via email that the District Attorney's Office does not oppose the relief sought in this motion.

*/s/ Michael A. Schwartz*
Michael A. Schwartz

## <u>CERTIFICATE OF SERVICE</u>

I, Michael A. Schwartz, hereby certify that on November 23, 2022, a true and correct copy of the foregoing Unopposed Motion to Suspend the Briefing Schedule and to Hold these Proceedings in Abeyance Pending Exhaustion of Newfound Grounds for Relief was filed through the Court's Electronic Case Filing (ECF) System and that the following attorney of record is registered to receive notice of said filing through ECF:

> Matthew C. Stiegler
> Philadelphia District Attorney's Office
> Federal Litigation Unit
> Three South Penn Square
> Philadelphia, PA 19107
> matthew.stiegler@phila.gov
>
> *Attorney for Respondents*

> */s/ Michael A. Schwartz*
> Michael A. Schwartz

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANDREW JONES | No.  2:19-cv-1685 |
|                  Petitioner, | |
| | |
|      v. | |
| | |
| THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA | |
|                  Respondents. | |

**[PROPOSED] ORDER**

AND NOW, this _____ day of _____, 2022, upon consideration of the Petitioner Andrew Jones' Unopposed Motion to Suspend the Briefing Schedule and to Hold These Proceedings in Abeyance Pending Exhaustion of the Newfound Grounds For Relief, it is hereby **ORDERED** that the motion is **GRANTED** and the briefing schedule is suspended and that these proceedings are in abeyance pending exhaustion of the new found grounds for relief in state court.

**BY THE COURT:**


_____
**JOSEPH F. LEESON, JR.**
**United States District Judge**